Filed 6/29/23  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES JACKSON,<br><br>Defendant and Appellant. | C096694 & C096714<br><br>(Super. Ct. Nos. 21FE015340, 21FE014576) |

In two separate jury trials, defendant James Jackson was found guilty of simple assault and possession of heroin in county jail.  At a joint sentencing hearing, the trial court sentenced defendant to a total of four years in prison.

Defendant appealed the judgments in both cases.  His appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the records pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having done so, we find no arguable issues that would result in a disposition more favorable to defendant.  We consolidated the cases for disposition and affirm the judgments.

1

BACKGROUND

A.    *The Assault*

In March 2021, defendant's girlfriend E. asked the boyfriend of her friend for help with E.'s car. The boyfriend agreed. Because E.'s car could not start, she spent the night at the home of the boyfriend, which the boyfriend shared with his girlfriend (E.'s friend) and others. The next morning, when the boyfriend was working on the car, defendant came to the boyfriend's driveway screaming and cussing at E. The boyfriend tried to calm defendant down, but defendant slapped the boyfriend's face with a pistol and spit on his cheek. Defendant then pointed the gun at the boyfriend and E.'s friend. E.'s friend scolded defendant, and defendant left. The boyfriend then called the police.

The People charged defendant with assault with a deadly weapon (count one), assault with a firearm (count two), and possession of a firearm as a convicted felon (count three). The People further alleged that defendant personally used a firearm in committing count two and that defendant had two prior serious felony convictions and multiple aggravating circumstances of the offenses (Cal. Rules of Court, rule 4.421(a)(1), (2) & (b)(1)-(3), (5)).

A jury acquitted defendant of all three counts but found him guilty of the lesser included offense of simple assault as to count one and count two. The jury found not true the allegations that defendant personally used a firearm during the commission of the assault in count two and that defendant's offenses involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness.

B.    *The Possession of Heroin in County Jail*

In September 2021, after defendant was booked into the Sacramento County jail, a sergeant found heroin in defendant's intake cell. The People charged defendant with possession of heroin in jail and alleged two prior serious felony convictions. The People

further alleged that defendant's prior convictions are numerous or of increasing seriousness and that defendant had served a prior term in prison or county jail.

A jury found defendant guilty of possession of heroin in jail and found true all allegations.

C.      *Joint Sentencing Hearing and Allocation of Custody Credits*

At the joint sentencing hearing, in the assault case, the trial court sentenced defendant to 180 days in county jail on count one and suspended the imposition of sentence on count two. In the possession of heroin case, the trial court imposed the low term of two years, doubled for prior serious felony convictions.

The trial court awarded defendant a total of 629 days of custody credits and allocated 180 of the 629 custody credits to case No. 21FE014576. In each case, the trial court imposed a $40 court operations assessment and a $30 criminal conviction assessment. The trial court also imposed a $150 restitution fine in case No. 21FE014576.

Defendant timely appealed the judgments in both cases. We granted defendant's motion to consolidate both cases on appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief, and he has not done so.

After independently reviewing the records, we find no arguable error that would result in a disposition more favorable to defendant in either case.

## DISPOSITION

The judgments are affirmed.

3

/s/
_____
MESIWALA, J.

We concur:

/s/
_____
DUARTE, Acting P. J.

/s/
_____
BOULWARE EURIE, J.